[Cite as *State v. Metcalf*, 2026-Ohio-2965.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | |
|---|---|
| STATE OF OHIO : | |
| : | C.A. No. 2026-CA-33 |
| Appellee : | |
| : | Trial Court Case No. 2025CR0703 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| JAMAL I.A. METCALF : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 31, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HUFFMAN, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

TUCKER, J.

**{¶ 1}** Jamal I.A. Metcalf appeals from his convictions on charges of receiving stolen property and failure to comply with an order or signal of a police officer.

**{¶ 2}** Metcalf contends his prison sentence is contrary to law because the trial court failed to advise him of all possible penalties if he violates the terms of post-release control upon his release from prison.

**{¶ 3}** Assuming that Metcalf was aggrieved by the trial court's omissions and that he may raise the issue on appeal, we are limited to plain error review because his counsel failed to address the trial court's omissions at sentencing when they could have been corrected. For the reasons set forth below, we find no plain error and affirm the trial court's judgment.

## I. Background

**{¶ 4}** A grand jury indicted Metcalf on charges of grand theft of a motor vehicle, receiving stolen property, and failure to comply with an order or signal of a police officer. Metcalf agreed to plead guilty to the latter two charges in exchange for dismissal of the grand theft charge, the State's agreement to recommend community control sanctions, and his payment of restitution in an amount to be determined at sentencing. The State also agreed to defer to the trial court regarding the length of a mandatory driver's license suspension. The trial court accepted Metcalf's plea and found him guilty. It later imposed a 14-month prison term for receiving stolen property and a six-month sentence for failure to comply. It ordered the sentences to be served concurrently. This appeal followed.

2

## II. Analysis

**{¶ 5}** Metcalf's sole assignment of error states:

**THE TRIAL COURT FAILED TO ADVISE METCALF OF ALL OF THE POSSIBLE PENALTIES HE COULD RECEIVE IF HE VIOLATED THE TERMS OF POST RELEASE CONTROL (PRC).**

**{¶ 6}** Metcalf contends his sentence is contrary to law, because the trial court failed at sentencing to inform him of all potential consequences of a post-release control violation. But the trial court correctly advised him during both the plea and sentencing hearings that he faced discretionary post-release control of up to two years, that violations could result in an additional prison sentence of up to one-half of his original sentence, and that any sentence for a new felony would be served consecutively to a sentence for the violation. The trial court also included this information in its judgment entry. Metcalf argues, however, that the trial court failed to tell him at sentencing that a post-release control violation could result in more restrictive sanctions, a longer period of supervision, or being sent back to prison even if he completed his prison time. He claims these additional advisements were required by R.C. 2967.28(F)(3) and that the trial court failed to address them at sentencing or in its judgment entry.

**{¶ 7}** In response, the State contends no sentencing statute required the additional advisements cited by Metcalf. It argues that R.C. 2929.19(B)(2) obligates a trial court to inform a defendant that post-release control will be either discretionary or mandatory and that a violation could result in an additional prison term up to one-half of the original stated prison term. Courts also have held that a trial court must advise a defendant of the term of post-release control supervision. The State claims, however, that nothing in R.C. 2929.19 requires a trial court to tell a defendant a violation could result in more restrictive sanctions,

3

a longer period of supervision, or being sent back to prison even if he completed his prison time. Although these potential consequences are derived from R.C. 2967.28(F), the State maintains that a defendant is not required to be notified of them.

{¶ 8} At least five other appellate districts considering the issue have agreed with the State. In *State v. Rush*, 2024-Ohio-620 (12th Dist.), for example, the Twelfth District quoted its earlier decision in *State v. Demangone*, 2023-Ohio-2522 (12th Dist.), and reasoned:

> We recently held that a trial court is "not required to orally advise [a defendant] of the 'possibility that a violation could result in other penalties including more restrictive sanctions, a longer period of supervision, or that he could be sent back to prison even if he completed all of his sentenced prison time as required by R.C. 2967.28(F)(3)' as such advisements are not required by the express language of R.C. 2929.19(B)(2)." *Demangone*, 2023-Ohio-2522 at ¶ 25. For the same reasons, and contrary to appellant's assertion, the trial court was not required to advise him that a violation of his postrelease control could result in "consequences short of a return to prison." "Had the legislature intended for defendants to be provided with additional notifications about postrelease control, it would have included those notifications and requirements in R.C. 2929.19(B)(2). It chose not to do so." *Id*.

*Rush* at ¶ 10; *accord State v. Vest*, 2024-Ohio-62, ¶ 11-13 (4th Dist.); *State v. McManes*, 2024-Ohio-438, ¶ 63-65 (5th Dist.); *State v. Johnson*, 2017-Ohio-7701, ¶ 55 (7th Dist.); *State v. Zganjer*, 2011-Ohio-606, ¶ 2-3 (8th Dist.).

{¶ 9} However, in *State v. Walker*, 2023-Ohio-4690 (2d Dist.), we held that the missing advisements cited by Metcalf were required to be given at sentencing. Citing R.C. 2967.28(F), we reasoned:

4

In her third and final assignment of error, Walker asserts—and the State concedes—that the trial court erred when it failed to properly advise her regarding post-release control (PRC). While the record demonstrates that she was given many of the requisite advisements, the trial court did not advise Walker that a violation of the terms of her PRC could result in more restrictive sanctions, a longer period of supervision, or that she could be sent back to prison even if she had completed her prison time. *See* R.C. 2967.28(F). Accordingly, Walker's third assignment of error is sustained.

*Id*. at ¶ 28.

{¶ 10} Based on *Walker*, the trial court erred in failing to inform Metcalf at sentencing that a post-release control violation could result in more restrictive sanctions, a longer period of supervision, or being sent back to prison even if he completed his prison time. We note, however, that no one brought these omissions to the trial court's attention at sentencing when they could have been corrected. Whether Metcalf had an obligation to do so and whether he can complain about those omissions now, depends on whether he was the aggrieved party.

{¶ 11} In *State v. Bates*, 2022-Ohio-475, the Ohio Supreme Court identified the State as the aggrieved party when a trial court fails to notify a defendant at sentencing about the consequences of violating post-release control. The majority characterized post-release control as "a sanction" that "is a continued restraint on an offender's liberty." *Id*. at ¶ 21. The court reasoned that notification errors regarding post-release control work to a defendant's advantage by potentially relieving the defendant from that restraint upon completion of the defendant's prison term. *Id*. Therefore, the State is the party prejudiced by inadequate notification. *Id*. The *Bates* majority recognized that the party benefiting from an error cannot

be the aggrieved party and that an "'appeal lies only on behalf of a party aggrieved.'" *Id*. at ¶ 20, quoting *Ohio Contract Carriers Assn. v. Pub. Util. Comm*., 140 Ohio St. 160, 161 (1942). For that reason, the majority opined that the State should have appealed from the trial court's erroneous imposition of post-release control in 2008 instead of waiting 10 years to raise the issue. *Id*. at ¶ 22, 25.

{¶ 12} The rationale of *Bates* would preclude Metcalf from even challenging the trial court's failure to provide proper notification of the consequences of violating post-release control. As the aggrieved party, only the State could have raised the issue on appeal. On the other hand, if Metcalf is the aggrieved party—*see Bates* at ¶ 70-72 (DeWine, J., dissenting)—then he can pursue the issue on appeal. But he must show plain error because his counsel failed to raise the trial court's omissions during the sentencing hearing when they could have been corrected. Under Crim.R. 52(B), we have "discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Plain error requires an obvious defect in the proceedings that affected a defendant's substantial rights by impacting the outcome in a prejudicial way. *Id*.

{¶ 13} Although the trial court committed an obvious error by not providing Metcalf with advisements we found necessary in *Walker*, we see no prejudice. He insists we must remand for resentencing simply so he can be told things he admittedly knows. As noted by the other appellate districts cited above, the specific advisements about which Metcalf complains are not mandated by R.C. 2929.19(B)(2), the statute specifying what a trial court must say about post-release control at sentencing. Moreover, this is not a case where the error at issue has existing prejudicial consequences, such as imposing a sentence longer than provided by statute or failing to merge allied offenses. The error here involves the trial

court failing to tell Metcalf about potential future consequences that his appeal demonstrates are known to him. Under these circumstances, we see no real prejudice.

{¶ 14} Finally, even if the plain error standard technically were satisfied, we would decline to reverse the trial court's judgment based on it. "Correcting plain error is discretionary, and we will reverse a judgment based on plain error only to correct a manifest miscarriage of justice." *State v. Fogle*, 2026-Ohio-755, ¶ 12, citing *State v. Couch*, 2025-Ohio-1943, ¶ 26 (2d Dist.). We see no manifest injustice in the trial court's failure to advise Metcalf about things not specifically required by statute and about which he already knows. The assignment of error is overruled.

### III. Conclusion

{¶ 15} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.